FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 2 2025

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

1  Richard R. Barker
2  Acting United States Attorney
   Eastern District of Washington
3  Bree R. Black Horse
   Assistant United States Attorney
4  402 East Yakima Ave, Suite 210
5  Yakima, WA 98901
   Telephone: (509) 454-4425
6

7              UNITED STATES DISTRICT COURT
8         FOR THE EASTERN DISTRICT OF WASHINGTON

9  UNITED STATES OF AMERICA,          Case No.: 1:24-CR-2055-~~MDK~~ MKD

10                  Plaintiff,         PLEA AGREEMENT
11
12         v.                          Fed. R. Crim. P. 11(C)(1)(c)
13  LELAND JAMES VIJARRO,
14
                    Defendant.
15

16      Plaintiff United States of America, by and through Richard R. Barker, Acting

17 United States Attorney the Eastern District of Washington, and Bree R. Black Horse,

18 Assistant United States Attorney for the Eastern District of Washington, and

19 Defendant Leland James Vijarro ("Defendant"), both individually and by and

20 through Defendant's counsel, Federal Defender Nick Mirr, agree to the following

21 Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

22      1.      Guilty Plea and Maximum Statutory Penalties

23      Defendant agrees to enter a plea of guilty to Counts 2 and 5 the Indictment

24 filed on August 13, 2024, which charges Defendant with Assault on a Federal Officer

25 with a Deadly Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), a Class C

26 felony, and Using, Carrying, Brandishing and Discharging a Firearm During and In

27

28 PLEA AGREEMENT - 1
   Case No.: 1:24-CR-2055-MKD

Relation To A Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), a Class A felony.

Defendant understands that the following potential penalties apply to the offense of Assault on a Federal Officer with a Deadly Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b):

    a.    a term of imprisonment of not more than twenty (20) years;

    b.    a term of supervised release of not more than three (3) years;

    c.    a fine of up to $250,000;

    d.    restitution; and,

    e.    a $100 special penalty assessment.

Defendant understands that the following potential penalties apply to the offense of Using, Carrying, Brandishing and Discharging a Firearm During and In Relation To A Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii):

    a.    a term of imprisonment of not less than ten (10) years and up to a lifetime consecutive to the underlying crime of violence;

    b.    a term of supervised release of not more five (5) years;

    c.    a fine of up to $250,000; and,

    d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

    a.    Five (5) years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

PLEA AGREEMENT - 2
Case No.: 1:24-CR-2055-MKD

1        b.     Three (3) years in prison if the offense that resulted in the term

2              of Supervised Release is a class B felony, and/or

3        c.     Two (2) years in prison if the offense that resulted in the term

4              of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.     <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

        a.     sentencing is a matter solely within the discretion of the Court;

        b.     the Court is under no obligation to accept any recommendations made by the United States or Defendant;

        c.     the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

        d.     the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

        e.     the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

        f.     Defendant understands that this Plea Agreement contains sentencing recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(C). As a result, the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than

PLEA AGREEMENT - 3
Case No.: 1:24-CR-2055-MKD

1  agreed upon, and Defendant may withdraw from this Plea
2  Agreement if the Court imposes a harsher sentence than agreed
3  upon.

4      4.    <u>Potential Immigration Consequences of Guilty Plea</u>

5  If Defendant is not a citizen of the United States, Defendant understands the
6  following:

7      a.    pleading guilty in this case may have immigration consequences;

8      b.    a broad range of federal crimes may result in Defendant's
9  removal from the United States, including the offense to which
10  Defendant is pleading guilty;

11      c.    removal from the United States and other immigration
12  consequences are the subject of separate proceedings; and

13      d.    no one, including Defendant's attorney or the Court, can predict
14  with absolute certainty the effect of a federal conviction on
15  Defendant's immigration status.

16  Defendant affirms that Defendant is knowingly, intelligently, and voluntarily
17  pleading guilty as set forth in this Plea Agreement, regardless of any immigration
18  consequences that Defendant's guilty plea may entail.

19      5.    <u>Waiver of Constitutional Rights</u>

20  Defendant understands that by entering this guilty plea, Defendant is
21  knowingly and voluntarily waiving certain constitutional rights, including the
22  following:

23      a.    the right to a jury trial;

24      b.    the right to see, hear and question the witnesses;

25      c.    the right to remain silent at trial;

26      d.    the right to testify at trial; and

27      e.    the right to compel witnesses to testify.

28  PLEA AGREEMENT - 4
Case No.: 1:24-CR-2055-MKD

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    <u>Rule 11 Nature of the Plea Agreement</u>

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is:

As to Count 2, no less than 24 months and no more than 78 months imprisonment to run consecutive to Count 5, to be followed by three (3) years of supervised release; and,

As to Count 5, no less than 120 months imprisonment to be followed by five (5) years of supervised release.

Therefore, the parties agreed to recommend a term of imprisonment within a range of 144 to 198 months followed by a term of five (5) total years of supervised release.

The United States and Defendant agree to make those sentencing recommendations to the Court. Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

PLEA AGREEMENT - 5
Case No.: 1:24-CR-2055-MKD

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 198 months or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 144 months or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of supervised release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of supervised release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

7.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Assault on a Federal Officer with a Deadly Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), the United States would have to prove the following beyond a reasonable doubt:

    a.    *First*, on or about February 10, 2024, the Defendant forcibly assaulted W.G. in the Eastern District of Washington;

    b.    *Second*, the Defendant did so while W.G. was engaged in, or on account of his official duties; and,

    c.    *Third,* the Defendant used a deadly or dangerous weapon.

PLEA AGREEMENT - 6
Case No.: 1:24-CR-2055-MKD

1    The United States and Defendant agree that in order to convict Defendant of
2    Using, Carrying, Brandishing and Discharging a Firearm During and In Relation To
3    A Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), the United States
4    would have to prove the following beyond a reasonable doubt:

5              a.    *First*, the on February 10, 2024, in the Eastern District of
6                    Washington, the Defendant committed the crime of Assault on a
7                    Federal Officer as charged in Count 2 of the Indictment, which
8                    is a crime of violence; and,

9              b.    *Second*, the Defendant knowingly discharged a firearm; and,

10             c.    *Third*, the Defendant discharged the firearm in furtherance of the
11                   crime of Assault on a Federal Officer.

12    8.    <u>Factual Basis and Statement of Facts</u>

13    The United States and Defendant stipulate and agree to the following: the facts
14    set forth below are accurate; the United States could prove these facts beyond a
15    reasonable doubt at trial; and these facts constitute an adequate factual basis for
16    Defendant's guilty plea.

17    The United States and Defendant agree that this statement of facts does not
18    preclude either party from presenting and arguing, for sentencing purposes,
19    additional facts that are relevant to the Sentencing Guidelines computation or
20    sentencing.

21    On February 10, 2024, at approximately 9:13 p.m., law enforcement officers
22    received a report of a vehicle chasing another vehicle and shots being fired from the
23    vehicles in Toppenish, Washington. The City of Toppenish, Washington, is located
24    in the Eastern District of Washington. Toppenish Police Department officers located
25    and pulled over a vehicle that had been reported stolen on February 9, 2024. Upon
26    being pulled over, the Defendant, who was a passenger in the vehicle fled on foot

27

28    PLEA AGREEMENT - 7
      Case No.: 1:24-CR-2055-MKD

1  from the scene. The Defendant fled the vehicle in possession of a stolen Springfield

2  Armory, Model 1911, .45 caliber pistol and ammunition.

3       Law enforcement then set up a permitter around the vicinity of 416 South

4  Toppenish Avenue in Toppenish, Washington ("416 South Toppenish"), where the

5  Defendant was hiding after fleeing the vehicle on foot. At approximately 10:53 p.m.,

6  the Defendant exited 416 South Toppenish into the fenced backyard area and

7  discharged a handgun approximately six times in the direction of the law

8  enforcement perimeter. The first shot discharged by the Defendant was directed at

9  the ground, and the next three shots were fired in quick succession in the general

10 direction of law enforcement officers who had set up a permitter across the street

11 from 416 South Toppenish. The following law enforcement officers were in the line

12 of fire during the discharge of these three shots: Z.W., J.M.P., J.R., L.S., W.G., A.K.,

13 J.N., and M.D.

14      The Defendant then walked several feet to the rear of the backyard and stood

15 on top of a pallet. From this location, the Defendant took up a shooting stance while

16 aiming in the direction of the law enforcement officer permitter and fired two shots.

17 The following law enforcement officers were in the line of fire during the discharge

18 of these two shots: D.J.M., Z.W., J.R., L.S., W.G., A.K. J.N. and M.D.

19      Two Yakima County Sheriff's Office marked police vehicles in the vicinity

20 of 416 South Toppenish sustained damages from the shots fired by the Defendant.

21 Both vehicles were struck in the front end, which faced the backyard of 416 South

22 Toppenish.

23      After the shooting, the Defendant remained in the backyard of 416 South

24 Toppenish and proceeded to an external shed within the same backyard. The

25 Defendant then exited the external shed and proceeded to jump the fence into the

26 neighboring property, which he entered by breaking a window and barricaded

27 himself inside for an extended period. On February 11, 2024, at approximately

28 PLEA AGREEMENT - 8
   Case No.: 1:24-CR-2055-MKD

12:30 a.m., the Defendant exited the neighboring property and surrendered to law enforcement.    After the Defendant was taken into custody, law enforcement recovered the Springfield Armory, Model 1911, .45 caliber pistol from the neighboring property.

The Federal Bureau of Investigation Lab ("FBI") confirmed that seven cartridge cases recovered from the backyard of 416 South Toppenish were fired from the Springfield Armory, Model 1911, .45 caliber pistol. The FBI Lab also found the Defendant's DNA on the Springfield Armory, Model 1911, .45 caliber pistol.

9.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    Base Offense Level

The United States and the Defendant agree that the base offense level for the offense of Assault on a Federal Officer with a Deadly Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), is 14. U.S.S.G. §2A2.2(a).

The United States and the Defendant agree that the minimum term of imprisonment required by statute for the offense of Using, Carrying, Brandishing and Discharging a Firearm During and In Relation to A Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), is ten (10) years consecutive to the

PLEA AGREEMENT - 9
Case No.: 1:24-CR-2055-MKD

1  underlying crime of violence charged in Count 1 of the Indictment. *See* U.S.S.G.

2  §2K2.4; 18 U.S.C. §§ 924(c)(iii), (D)(ii).

3           b.    Special Offense Characteristics

4           The United States and the Defendant agree that the base offense level for the

5  offense of Assault on a Federal Officer with a Deadly Weapon, in violation of 18

6  U.S.C. §§ 111(a)(1) and (b), is increased by five (5) levels because a firearm was

7  discharged. U.S.S.G. §2A2.2(b)(2)(A).

8           The United States and the Defendant agree that the base offense level for the

9  offense of Assault on a Federal Officer with a Deadly Weapon, in violation of 18

10 U.S.C. §§ 111(a)(1) and (b), is increased by an additional two (2) levels because

11 the Defendant was convicted under 18 U.S.C. § 111(b). U.S.S.G. §2A2.2(b)(7).

12          The United States and the Defendant agree that the base offense level for the

13 offense of Assault on a Federal Officer with a Deadly Weapon, in violation of 18

14 U.S.C. §§ 111(a)(1) and (b), is further increased by six (6) levels because in a manner

15 creating a substantial risk of serious bodily injury, the Defendant knowing or having

16 reasonable cause to believe that a person was a law enforcement officer, assaulted

17 such officer during the course of the offense. U.S.S.G.§3A1.2(c)(1).

18          The United States and the Defendant have no agreements as to the

19 applicability and/or non-applicability of any other specific offense characteristics.

20          c.    Acceptance of Responsibility

21          As to Count 2 of the Indictment, the United States will recommend that

22 Defendant receive a downward adjustment for acceptance of responsibility, pursuant

23 to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

24                  i.      accepts this Plea Agreement;

25                  ii.     enters a guilty plea at the first Court hearing that takes

26                          place after the United States offers this Plea Agreement;

27

28 PLEA AGREEMENT - 10
   Case No.: 1:24-CR-2055-MKD

    iii.  demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.  provides complete and accurate information during the sentencing process; and

    v.  does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    d. <u>Agreements Regarding Representations to the Court</u>

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

    i.  The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

    ii.  The United States and Defendant may each supplement the facts under consideration by the Court by providing

PLEA AGREEMENT - 11
Case No.: 1:24-CR-2055-MKD

information the United States or Defendant deems relevant;

iii.     The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv.     The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v.     The United States and Defendant may each respond to any arguments presented by the other;

vi.     In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii.     In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any

PLEA AGREEMENT - 12
Case No.: 1:24-CR-2055-MKD

1                basis, including arguments for a higher offense level, a

2                higher criminal history calculation, the application or non-

3                application of any sentencing enhancement or departure,

4                and/or any variance from the Guidelines range as

5                calculated by the Court;

6       viii.    The United States may make any sentencing arguments

7                the United States deems appropriate so long as they are

8                consistent with this Plea Agreement, including arguments

9                arising from Defendant's uncharged conduct, conduct set

10              forth in charges that will be dismissed pursuant to this Plea

11              Agreement, and Defendant's relevant conduct; and

12      ix.     Defendant may make any sentencing arguments consistent

13              with this Plea Agreement Defendant deems appropriate.

14     e.    <u>No Other Agreements</u>

15       The United States and Defendant have no other agreements regarding the

16 Guidelines or the application of any Guidelines enhancements, departures, or

17 variances.

18     f.     <u>Criminal History</u>

19       The United States and Defendant have no agreement and make no

20 representations about Defendant's criminal history category, which will be

21 determined by the Court after the United States Probation Office prepares and

22 discloses a Presentence Investigative Report.

23     11.    <u>Incarceration</u>

24       At the time of Defendant's original sentencing in the District Court, the United

25 States agrees to make a sentencing recommendation to the Court that is consistent

26 with this Plea Agreement. The United States' agreement to make such a

27 recommendation is limited exclusively to the time of Defendant's original

28 PLEA AGREEMENT - 13
Case No.: 1:24-CR-2055-MKD

1  sentencing in the District Court.  The United States' agreement to make such a
2  recommendation does not prohibit or limit in any way the United States' ability to
3  argue for or against any future sentencing modification that takes place after
4  Defendant's original sentencing in the District Court, whether that modification
5  consists of an amendment to the Guidelines, a change to a statutory minimum or
6  maximum sentence, any form of compassionate release, any violation of Supervised
7  Release, or any other modification that is known or unknown to the parties at the
8  time of Defendant's original criminal sentencing.  In this Plea Agreement, the United
9  States makes no promises or representations about what positions the United States
10 will take or recommendations the United States will make in any proceeding that
11 occurs after Defendant's original sentencing in the District Court.

12      The United States and Defendant agree to recommend a sentence of no less
13 than 144 months and no more than 198 months incarceration.

14      12.    Supervised Release

15      As to Count 2, the United States and Defendant each agree to recommend
16 three (3) years of supervised release.  As to Count 5, the United States and Defendant
17 each agree to recommend five (5) years of supervised release.  The United States
18 and Defendant agree to jointly recommend that both terms of supervised release run
19 concurrently, resulting in a total term of five (5) years of supervised release.
20 Defendant agrees that the Court's decision regarding the conditions of Defendant's
21 Supervised Release is final and non-appealable; that is, even if Defendant is unhappy
22 with the conditions of Supervised Release ordered by the Court, that will not be a
23 basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea
24 Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised
25 Release.

26

27

28 PLEA AGREEMENT - 14
   Case No.: 1:24-CR-2055-MKD

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

  a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

  b. Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

  c. Defendant shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional that do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the Court. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

13. Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. Mandatory Special Penalty Assessment

Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

PLEA AGREEMENT - 15
Case No.: 1:24-CR-2055-MKD

15.    <u>Restitution</u>

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663, 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

a.    <u>Restitution Amount and Interest</u>

The United States and Defendant stipulate and agree that pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determining at sentencing, and that any interest on this restitution amount, if any, should be waived.

The United States and the Defendant stipulate and agree that restitution shall be ordered to Yakima County Sheriff's Office in the amount of $4,735.00.

b.    <u>Payments</u>

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

c.    <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.

If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to

PLEA AGREEMENT - 16
Case No.: 1:24-CR-2055-MKD

1  Defendant's restitution obligations.  26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31
2  U.S.C. § 3716.

3       Defendant understands that the United States may, notwithstanding the Court-
4  imposed payment schedule, pursue other avenues to ensure the restitution obligation
5  is satisfied, including, but not limited to, garnishment of available funds, wages, or
6  assets.  18 U.S.C. §§ 3572, 3613, and 3664(m).

7       Nothing in this acknowledgment shall be construed to limit Defendant's
8  ability to assert any specifically identified exemptions as provided by law, except as
9  set forth in this Plea Agreement.

10      Until Defendant's fine and restitution obligations are paid in full, Defendant
11 agrees fully to disclose all assets in which Defendant has any interest or over which
12 Defendant exercises control, directly or indirectly, including those held by a spouse,
13 nominee or third party.

14      Until Defendant's fine and restitution obligations are paid in full, Defendant
15 agrees to provide waivers, consents, or releases requested by the U.S. Attorney's
16 Office to access records to verify the financial information.

17           d.    Obligations, Authorizations, and Notifications

18      Defendant agrees to truthfully complete the Financial Disclosure Statement
19 that will be provided by the earlier of 30 days from Defendant's signature on this
20 plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty
21 of perjury, and provide it to both the United States Attorney's Office and the United
22 States Probation Office.  Defendant acknowledges and understands that Defendant's
23 failure to timely and accurately complete and sign the Financial Disclosure
24 Statement, and any update thereto, may, in addition to any other penalty or remedy,
25 constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

26      Defendant expressly authorizes the United States Attorney's Office to obtain
27 a credit report on Defendant upon the signing of this Plea Agreement.  Until
28 PLEA AGREEMENT - 17
   Case No.: 1:24-CR-2055-MKD

Defendant's fine and restitution orders are paid in full, Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office within a reasonable period of time, but no later than within 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Until Defendant's fine and restitution orders are paid in full, Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Pursuant to 18 U.S.C. § 3612(b)(F), Defendant understands and agrees that until Defendant's fine and restitution orders are paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

16.   Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

PLEA AGREEMENT - 18
Case No.: 1:24-CR-2055-MKD

17.    <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

18.    <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes, on any grounds, so long as the Court imposes a term of incarceration consistent with this Rule 11(c)(1)(C) Plea Agreement.  Defendant further expressly agrees that if the Court indicates its intent to impose a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement.  Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from

PLEA AGREEMENT - 19
Case No.: 1:24-CR-2055-MKD

information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.    Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.    Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

b.    The United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

PLEA AGREEMENT - 20
Case No.: 1:24-CR-2055-MKD

1    Defendant agrees not to raise any objections based on the passage of time,

2  including but not limited to alleged violations of any statutes of limitation or any

3  objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

4  Amendment.

5    20.    Integration Clause

6    The United States and Defendant acknowledge that this document constitutes

7  the entire Plea Agreement between the United States and Defendant, and no other

8  promises, agreements, or conditions exist between the United States and Defendant

9  concerning the resolution of the case.

10    This Plea Agreement is binding only on the United States Attorney's Office

11  for the Eastern District of Washington, and cannot bind other federal, state, or local

12  authorities.

13    The United States and Defendant agree that this Agreement cannot be

14  modified except in a writing that is signed by the United States and Defendant.

15

16    Approvals and Signatures

17    Agreed and submitted on behalf of the United States Attorney's Office for

18  the Eastern District of Washington.

19

20  Richard R. Barker

21  Acting United States Attorney

22  _____    05 · 12 · 2025

23  Bree R. Black Horse    Date
    Assistant United States Attorney

24

25

26

27

28  PLEA AGREEMENT - 21
    Case No.: 1:24-CR-2055-MKD

1       I have read this Plea Agreement and I have carefully reviewed and discussed

2  every part of this Plea Agreement with my attorney.  I understand the terms of this

3  Plea Agreement.  I enter into this Plea Agreement knowingly, intelligently, and

4  voluntarily.  I have consulted with my attorney about my rights, I understand those

5  rights, and I am satisfied with the representation of my attorney in this case.  No

6  other promises or inducements have been made to me, other than those contained

7  in this Plea Agreement.  No one has threatened or forced me in any way to enter

8  into this Plea Agreement.  I agree to plead guilty because I am guilty.

*Leland Vijarro*           5-12-25

Leland James Vijarro         Date

Defendant

       I have read the Plea Agreement and have discussed the contents of the

agreement with my client. The Plea Agreement accurately and completely sets

forth the entirety of the agreement between the parties.  I concur in my client's

decision to plead guilty as set forth in the Plea Agreement.  There is no legal

reason why the Court should not accept Defendant's guilty plea.

                       5/12/25

Nick Mirr              Date

Attorney for Defendant

PLEA AGREEMENT - 22

Case No.: 1:24-CR-2055-MKD