Stephanie Van Marter
Acting United States Attorney
Eastern District of Washington
Bree R. Black Horse
Assistant United States Attorney
402 East Yakima Ave, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:24-CR-02055-MKD |
| Plaintiff, | **UNITED STATES'** |
| v. | **SENTENCING MEMORANDUM** |
| LELAND JAMES VIJARRO, | |
| Defendant. | |

Plaintiff United States of America, by and through the Acting United States Attorney for the Eastern District of Washington, Stephanie Van Marter, and Bree R. Black Horse, Assistant United States Attorney, submits this Sentencing Memorandum. The Defendant plead guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to Assault on a Federal Officer With a Deadly Weapon, in violation of 18 U.S.C. § 111(a)(1), (b) ("Count 2"), and Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count 5"). ECF Nos. 43, 44. The Rule 11(c)(1)(C) plea agreement

UNITED STATES' SENTENCING
MEMORANDUM - 1
Case No. 1:24-CR-02055-MKD

provides for a sentencing range of 144 to 198 months (12 to 16.5 years) imprisonment to and five (5) years of supervised release.

The United States recommends the Court impose a sentence of 78 months imprisonment on Count 2 and a consecutive 120-month sentence of imprisonment on Count 5 for a total of 198 months imprisonment. The United States additionally recommends the Court impose a five (5) year term of supervised release—three (3) years on Count 2 and five (5) years on Count 5 to run concurrently. The United States further recommends the Court order the Defendant to pay restitution in the amount of $4,735.00 to the Yakima County Sheriff's Office ("YCSO") and impose the $200.00 mandatory special assessment.

I. OFFENSE LEVEL AND CRIMINAL HISTROY

The draft Presentence Investigation Report ("PSIR") provides for a Total Offense Level of 19 for Count 2 and a criminal history category of IV, resulting in a recommended Guideline range of incarceration of 46 to 57 months. ECF No. 49 ¶¶ 49, 74, 156. The applicable mandatory minimum term of imprisonment for Count 5 is ten (10) years consecutive to Count 2. *Id*. ¶¶ 50, 156. The United States has no objections to the draft PSIR. The Defendant appears to have resolved minor errors in the PSIR with the U.S. Probation Office and has no objections to the PSIR. ECF No. 50.

II. DEPARTURES

The United States seeks no departures from the Guidelines in this case.

## III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)

A sentence of 198 months (16.5 years) imprisonment is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the factors listed in 18 U.S.C. § 3553(a).

### 1. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

#### a. Nature and Circumstances of the Offense

On February 8, 2024, the Defendant broke into his brother's home in Toppenish, Washington, and stole thirteen firearms and a suppresser. *Id*. ¶¶ 9-12. A few days later, on February 10, 2024, the Defendant was outside his brother's home in a vehicle when the Defendant's brother began to chase the Defendant in a vehicle. *Id*. ¶¶ 13-14. Shortly after the car chase commenced, Yakima Nation Tribal Police ("YNPD"), YCSO, and Toppenish Police Department ("TPD") responded to a report of gun fire coming from the Defendant's vehicle. *Id*. During the stop of the Defendant's vehicle by law enforcement, the Defendant fled the scene and barricaded himself inside a nearby residential home. *Id*. ¶ 19. After law enforcement officers set up a permitter around the vicinity of the residential home, the Defendant went into the backyard of the home and fired six shots from a handgun that had been stolen from the Defendant's brother. *Id*. The majority of the shots fired by the Defendant were aimed at law enforcement officers.

The first shot discharged by the Defendant appeared to be directed at the ground,

and the next three shots were fired in quick succession in the general direction of law enforcement officers who had set up a permitter across the street from the Defendant's location. *Id.* The following law enforcement officers were in the line of fire during the initial three shots discharged by the Defendant: YSO Deputy J.M.P.; TPD Officer Z.W.; YSO Deputy W.G.; YSO Deputy A.K.; YSO Deputy J.N.; and, TPD Officer M.D. *See id.* ¶¶ 27-32. Below is a still photograph from the Wapato Police Department drone footage of the incident during the "initial shots" portion of the shooting:



The Defendant then walked several feet to the rear of the backyard near the structure and stood on top of a pallet. *Id.* ¶ 20. From this location, the Defendant appeared to take up a shooting stance while aiming in the direction of the law enforcement officer permitter and fired two shots. The following law enforcement officers were in the line

UNITED STATES' SENTENCING
MEMORANDUM - 4
Case No. 1:24-CR-02055-MKD

of fire during the discharge of the two "calibrated" shots: YSO Deputy J.M.P.; TPD Officer Z.W.; FBI TFO J.R.; YSCO Deputy L.S.; YSO Deputy W.G.; YSO Deputy A.K.; YSO Deputy J.N.; and, TPD Officer M.D. *See id.* ¶¶ 27-32. Below is a still photograph from the drone footage of the incident during the "calibrated shots" portion of the shooting:



Two YCSO marked police vehicles in the vicinity of 416 South Toppenish sustained damages from the shots fired by the Defendant. *Id.* ¶ 21. The YCSO vehicles were struck in the front end of the vehicle, which faced the backyard of the residence during the shooting incident. *Id.* The Defendant caused $4,735.00 in damage to the YCSO vehicles during the shooting incident. *Id.* ¶ 34.

UNITED STATES' SENTENCING
MEMORANDUM - 5
Case No. 1:24-CR-02055-MKD

Following the shooting, the Defendant retreated to another residence and ultimately surrendered to law enforcement a few hours later. *Id*. ¶ 22.

### b. History and Characteristics of the Defendant

The Defendant possesses over a decade of criminal convictions and arrests characterized by assaults, arson and firearm offenses, thefts, and violent domestic violence crimes. *See id*. 49 ¶¶ 54-71, 75-98. For example, in 2017—when the Defendant was just eighteen (18) years old—he was convicted of one count of Second-Degree Assault Domestic Violence with a Deadly Weapon and three counts of Protection Order Violation Domestic Violence in Skagit County Superior Court. *Id*. ¶ 58. For these offenses, the court sentenced the Defendant to twenty-nine (29) months incarceration. *Id*. During this incident, the Defendant struck his girlfriend in the mouth, strangled her and stole her vehicle.[1] *Id*. ¶ 61. At the time of this assault, the victim had an active domestic violence no contact order against the Defendant. *Id*. ¶ 60.

Then in 2019—just two years after his prior domestic violence assault convictions and when the Defendant was twenty-one (21) years old—the Defendant was convicted of Second-Degree Arson Domestic Violence and Protection Order Violation Domestic Violence in the Skagit County Superior Court. *Id*. ¶ 69. These offenses involved the

---

[1] Research demonstrates that "[t]he majority of men who kill police officers are domestic violence perpetrators, and most of them have strangled at least one woman in an intimate relationship before they end up killing a law enforcement officer." Gael Strack & Casey Gwinn, *Men Who Strangle Women Also Kill Cops*, DOMESTIC VIOLENCE REPORT, December/January 2025, at 22, *available at*: https://www.civicresearchinstitute.com/online/PDF/DVR-3002-04-Killers.pdf.

UNITED STATES' SENTENCING
MEMORANDUM - 6
Case No. 1:24-CR-02055-MKD

same victim as the 2017 offenses. *Id.* ¶¶ 69-70. The court sentenced the Defendant to sixty-three (63) months imprisonment for the Second-Degree Arson Domestic Violence and Protection Order Violation Domestic Violence crimes. *Id.* ¶ 69.

It also appears that the Defendant is a Sureno gang member. *Id.* ¶ 106.

### 2. THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT

A sentence of 198 months imprisonment is necessary to reflect the seriousness of the offenses in this case. The Defendant shot multiple rounds from two different strategic positions at law enforcement officers. The Defendant's shots narrowly missed the officers as evidenced by the damaged to the YCSO vehicles the officers were shielding themselves behind. The Defendant—a prohibited person—stole the firearm he used in the commission of this assault. And, the Defendant engaged in a car chase down a public road while shooting a firearm at his brother's car, which ultimately lead to the law enforcement response outside the residence the Defendant broke into and shot at officers from. A sentence of 198 months imprisonment is necessary to reflect the seriousness of the offense and to provide just punishment for the brazen and unprovoked nature of this assault.

//

//

//

3. **THE NEED FOR THE SENTENCE IMPOSED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT**

A sentence of 198 months imprisonment is necessary to afford adequate deterrence and to protect the public from further crimes of the Defendant. The Defendant's criminal history, gang affiliation, and the circumstances surrounding the instant offenses demonstrate the Defendant is a serious threat to public safety. Despite his two prior convictions that resulted in custodial sentences, the offenses in this case show that the Defendant persists in violent behavior that endangers both the public and law enforcement officers. The imposition of a 198-month sentence will ensure the public is protected as long as possible from further violent crimes perpetrated by the Defendant.

Dated: July 22, 2025

Stephanie A. Van Marter
Acting United States Attorney

*s/ Bree R. Black Horse*
Bree R. Black Horse
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Nick Mirr.

*s/Bree R. Black Horse*
Bree R. Black Horse
Assistant United States Attorney